**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BERNARD WARNER, | : | |
| | : | Civil Action No. 05-2871 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| LT. RICHARD SWEENEY, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**APPEARANCES:**

> BERNARD WARNER, Plaintiff, pro se
> # 51876
> Burlington County Detention Center
> P.O. Box 6000
> Mount Holly, New Jersey  08060

**SIMANDLE, District Judge**

Plaintiff, Bernard Warner ("Warner"), currently confined at the Burlington County Detention Center in Mount Holly, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence and accompanying account statement, the Court grants Warner's application to proceed in forma pauperis and directs the Clerk of the Court to file the complaint without pre-payment of the filing fee. See 28 U.S.C. § 1915(a), (b).

Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should proceed in part.

## I.  BACKGROUND

Warner brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the following defendants: Lt. Richard Sweeney of the Burlington Township Police Department ("BTPD"); Detective Stephen Craig of the Burlington County Prosecutor's Office; Detective Deanna Kuzob of the BTPD; Patrol Officer Charles J. Zelaukas of the BTPD; and Liesel Cunningham, the alleged victim.  (Complaint, Caption, ¶ 4).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

On February 25, 2005, an elderly white female, defendant Cunningham, was attacked in her home.  Defendant, Lt. Sweeney, apprehended plaintiff several blocks from the crime scene. Warner alleges that Lt. Sweeney lied about probable cause to arrest him and that defendant also illegally seized plaintiff's wallet and jeans from the unlocked garage of plaintiff's girlfriend.  Warner further alleges that Lt. Sweeney lied about finding the wallet on Warner and that Sweeney tainted plaintiff's jeans with the victim's blood.  (Compl., ¶¶ 4, 6).

Warner next claims that defendants, Det. Craig and Det. Kuzob, ignored plaintiff's requests for an attorney, to make a phone call, and to use the bathroom.  Warner contends that the defendants ignored these requests to force plaintiff to make a confession.  He also states that Det. Kuzob maced plaintiff, and

2

then denied plaintiff's request to use the bathroom to wash his eyes.  (Compl., ¶¶ 4, 6).

Warner further alleges that defendant, Patrolman Zelaukas, was in charge of the crime scene log and observed Lt. Sweeney plant tainted evidence without stopping him.  Plaintiff contends that Zelaukas let others into the crime scene unit, which served to compromise the integrity of the evidence.  (Compl., ¶¶ 4, 6).

Finally, plaintiff asserts that the victim, Ms. Cunningham lied about plaintiff's involvement in the attack, and made slanderous statements about plaintiff.  (Compl., ¶¶ 4, 6).

Warner seeks monetary damages from these defendants for their public humiliation of him, and for wrongful imprisonment. He also seeks to have it noted on record that he is innocent of all charges.  (Compl., ¶ 7).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

---

[1] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

Warner brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

With respect to defendant, Liesel Cunningham, a private citizen, there are no allegations that she was acting under color of state law.  She merely was the victim of the crime for which plaintiff was arrested, and she reported that plaintiff was the culprit upon questioning by the police.  Therefore, the Court finds that defendant Cunningham is not a state actor and the Complaint will be dismissed in its entirety as against her for

failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[2]

## IV.  <u>ANALYSIS</u>

As to the remaining police and prosecutor defendants, the Court liberally construes the Complaint to allege the following claims:  (1) false arrest and imprisonment; (2) filing a false police report; (3) excessive force in violation of the Fourth Amendment; and (4) contamination and tainting of evidence.

### A.  <u>False Arrest Claim</u>

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated."  A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."  <u>Terry v. Ohio</u>, 392 U.S. 1, 19 n.16 (1968).  To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the

---

[2] Moreover, plaintiff's allegations of slander by defendant Cunningham sounds in common law.  Warner can bring a common law claim of slander in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  Here, there is no diversity of jurisdiction between the plaintiff and  defendant Cunningham.  Therefore, the Court has no subject matter jurisdiction over the common law slander claim against Cunningham, and it will be dismissed accordingly. Further, the Court declines to exercise supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367(c)(3).

governmental interests alleged to justify the intrusion." <u>United States v. Place</u>, 462 U.S. 696, 703 (1983), <u>quoted in</u> <u>Tennessee v. Garner</u>, 471 U.S. 1, 8 (1985) and <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.  See <u>Walmsley v. Philadelphia</u>, 872 F.2d 546 (3d Cir. 1989)(citing cases); <u>see</u> <u>also</u>, <u>Albright v. Oliver</u>, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification." <u>Ramirez v. United States</u>, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting <u>Fleming v. United Postal Service, Inc.</u>, 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause. <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  "Probable cause . . .

requires more than mere suspicion; however, it does not require
that the officer have evidence to prove guilt beyond a reasonable
doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83
(3d Cir. 1995). Rather, probable cause exists when the facts and
circumstances are "sufficient to warrant a prudent man in
believing that the defendant had committed or was committing an
offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting*
Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v.
Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an
arrest, the arrestee has a claim under § 1983 for false
imprisonment based on a detention pursuant to that arrest."
Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v.
Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing
Groman). See also Anela v. City of Wildwood, 595 F. Supp. 511,
512 (D.N.J. 1984)(holding a person for any length of time without
legal justification may be a violation of the right to liberty
under the Fourteenth Amendment and thus states a claim of false
imprisonment under § 1983).[3] A § 1983 claim for false arrest
typically accrues on the date of the plaintiff's arrest. See

---

[3] While "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law[,]" Baker v. McCollan, 443 U.S. 137, 142 (1979), the claim is derivative of a Fourth Amendment violation for arrest without probable cause. See Groman, 47 F.3d at 636.

<u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998); <u>Rose</u> <u>v. Bartle</u>, 871 F.2d 331, 348-51 (3d Cir. 1989).[4]

A defense to both an unlawful arrest and false imprisonment claim is that the police officer defendants acted with probable cause. <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); <u>Groman</u>, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." <u>Gerstein v. Pugh</u>, 420 U.S. 103, 111

---

[4] In this instance, plaintiff's arrest occurred on or about February 25, 2005; therefore, the § 1983 claim for false arrest accrued on that date, and this action is timely.

(1975) (*quoting* <u>Beck v. State of Ohio</u>, 379 U.S. 89, 91 (1964));

<u>Sharrar</u>, 128 F.3d at 817.[5]

Here, Warner admits that he was arrested by defendants several blocks from the scene of the crime after the police saw a man fleeing from the scene.  The victim identified Warner as her attacker.  Warner appears to misconstrue the victim's statement to the police that she "did not know her attacker" to mean that she was unable to positively identify Warner as the culprit. Warner also submitted a newspaper article which stated that the police found him with blood on his pants.  (Docket Entry No. 2). Thus, under these facts, probable cause for the arrest is demonstrated and Warner's claims for false arrest and imprisonment must be dismissed for failure to state a claim.

B.  <u>False Police Report and Tainted Evidence Claims</u>

Warner also asserts a claim that the police and prosecutor defendants filed false police reports, lied about the evidence, and were responsible for contaminating and tainting the evidence. These claims of police and prosecutorial misconduct, which Warner asserts as a challenge to the state criminal charges against him, must be raised in Warner's pending criminal proceedings in state

---

[5]     A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.  <u>Gatter v. Zappile</u>, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), <u>aff'd</u>, 225 F.3d 648 (3d Cir. 2000).

court;[6] a federal court generally will not intercede to consider issues that Warner has an opportunity to raise before the state court.  Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Warner is admittedly a pre-trial detainee awaiting trial; thus state proceedings implicating important state interests are ongoing and Warner has the opportunity to raise his claims in that proceeding.  Therefore, this Court is constrained by Younger to dismiss Warner's claims against the police and prosecutor defendants for their alleged misconduct in arresting and prosecuting plaintiff.

---

[6] Warner filed a letter application with this Court seeking to suppress statements and evidence seized in his state criminal proceedings and challenging.  This motion also challenges the warrant as defective.  (Docket Entry No. 3).  This motion should be raised in Warner's state court proceedings, which are currently pending.  Therefore, the Court will deny Warner's motion pursuant to the Younger abstention doctrine, as stated in this Opinion, infra.

Warner also has no claim for damages at this time with respect to his claims of police and prosecutorial misconduct unless and until the criminal proceedings are resolved in his favor or the conviction against him is invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486 (1994).  Further, if Warner is eventually convicted of the alleged charges in his now-pending state criminal trial, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of police and prosecutorial misconduct. Preiser v. Rodriquez, 411 U.S. 475 (1973).

Therefore, for all of the foregoing reasons, the Court will dismiss the police and prosecutorial misconduct claims, without prejudice, for failure to state a claim upon which relief may be granted at this time.

C.   Excessive Force Claim

Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment. See Graham v. Conner, 490 U.S. 386 (1989).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."  Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999).  See also Graham v. Connor, 490 U.S. at 396-97

13

(force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

In the instant case, Warner alleges that defendant Det. Kuzob used excessive force by spraying his face with mace and denying plaintiff the use of the bathroom to wash his face. Warner does not allege that he was attempting to run, threaten the detective with harm, or was in any way resisting arrest.  In fact, it appears that the mace was sprayed while plaintiff was being held for interrogation.  Thus, these allegations, if true, are sufficient to withstand dismissal at this time because it appears that defendant Kuzob may have intentionally harmed plaintiff without apparent provocation for the very purpose of causing harm.  The excessive force claim against Det. Kuzob should proceed past the sua sponte screening stage.

## IV.  CONCLUSION

For the reasons stated above, the Court will dismiss with prejudice Warner's false arrest and imprisonment claim, as against all defendants, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Likewise, the Complaint will be dismissed with prejudice, in its entirety, as against defendant Liesel Cunningham, because she is not a state actor subject to § 1983 liability.  Warner's claims of police and prosecutorial misconduct will be dismissed without

14

prejudice for failure to state a claim at this time.  However, the Court will allow plaintiff's excessive force claim to proceed against defendant Kuzob.  Finally, the Court will deny Warner's motion to suppress evidence, (Docket Entry No. 2), because such relief is more appropriately raised in Warner's ongoing criminal proceedings.  An Order consistent with this Opinion follows.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

DATED:    **September 12, 2005**