IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BERNARD WARNER,<br><br>        Plaintiff pro se,<br><br>  v.<br><br>DEANNA KOZUB,<br><br>        Defendant, | Civil Action<br>No. 05-2871 (JBS)<br><br>**OPINION** |

APPEARANCES:

Bernard Warner
#51876
Burlington County Detention Center
P.O. Box 6000
MT. Holly, NJ 08060
    Plaintiff pro se

Thomas Matthew Barron, Esq.
BARRON, BAKER & POSTERNOCK, LLP
400 N. Church Street
Suite 250
Moorestown, NJ 08057
    Attorney for Defendant

**SIMANDLE, District Judge:**

**I.  INTRODUCTION**

    This matter comes before the Court on the motion of Defendant Deanna Kozub to dismiss the Complaint for Plaintiff Barnard Warner's failure to comply with a court-ordered deposition.  For the reasons explained below, the Court shall deny the motion and shall stay this action pending the outcome of Warner's related criminal prosecution.

**II.   BACKGROUND**

Plaintiff Bernard Warner ("Warner"), who is currently confined at the Burlington County Detention Center, brought this action pursuant to 42 U.S.C. § 1983 claiming, among other things, that Defendant Deanna Kozub ("Kozub"), a police officer with the Burlington Township Police Department, used excessive force against him when she detained, apprehended and/or arrested him on February 25, 2005.  The Court reviewed the Complaint to identify cognizable claims as 28 U.S.C. §§ 1915(e)(2) and 1915A require and permitted this excessive force claim to go forward.  Warner v. Sweeney, No. 05-287, 2005 WL 2257925, at *5 (D.N.J. Sept. 12, 2005).

After Kozub answered the Complaint, she filed a motion to take Warner's deposition, see Fed. R. Civ. P. 30(a)(2), which Magistrate Judge Rosen granted.  However, Warner refused to answer questions at that deposition and, instead, he responded to each question with the same assertion of his Fifth Amendment rights: "Due to my pending criminal matter at this time I will assert my right to remain silent."  (Warner Dep. at Ex. 8 to Kozub's Motion to Dismiss.)

**III. DISCUSSION**

Kozub moves to dismiss pursuant to Fed. R. Civ. P. 37(b), arguing that the Court may sanction Warner for refusing to comply with the Court's Order that permitted Kozub to take his deposition.  Rule 37(b)(2) provides, in relevant part:

> If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> > (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> > (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

See also Fed R. Civ. P. 37(d) (authorizing same sanctions for failure to attend deposition).

However, dismissal for disobeying a discovery order is a "drastic" sanction of an "extreme nature." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984). Accordingly, before the Court may rule on the motion to dismiss, it must determine:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or

the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.

As to the first factor, it is clear that Warner, who is proceeding pro se, is personally responsible for his failure to testify at the deposition.  This failure is prejudicial to Kozub in that she cannot properly defend against this action without understanding Plaintiff's version of the events.  However, Plaintiff has no history of dilatoriness, as Kozub concedes (Def. Br. at 9), and his failure to respond to questions at his deposition was not done in bad faith.  Rather, he is seeking to maintain his rights in regard to an ongoing related criminal proceeding against him, which is permissible.  See, e.g., Brock v. Gerace, 110 F.R.D. 58, 62 (D.N.J. 1986) ("A civil litigant may object to depositions or interrogatories directed against him where the answers might incriminate him in a criminal case.") (citing DeVita v. Sills, 422 F.2d 1172, 1178 (3d Cir. 1970). Although proceeding pro se, Warner has adhered to the Court's deadlines and has not disobeyed any other Court order in this action.  As to the sixth factor, the Court has already determined that Warner has stated a valid claim against Kozub for excessive force.

That leaves only an analysis of potential alternatives.

4

Although Kozub argues that there are none, the Court notes that it may grant a stay of this civil action pending the outcome of Warner's criminal prosecution.  Although "the stay of a civil case is [also] an extraordinary remedy," "[a] court has discretion to stay a case if the interests of justice require it."  <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd.</u>, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing <u>United States v. Kordel</u>, 397 U.S. 1, 12 n. 27 (1970)).  Moreover, "[t]he Supreme Court has cautioned that the Constitution limits 'the imposition of any sanction which makes assertion of the Fifth Amendment privilege costly.'"  <u>S.E.C. v. Graystone Nash, Inc.</u>, 25 F.3d 187, 190 (3d Cir. 1994) (quoting <u>Spevack v. Klein</u>, 385 U.S. 511, 515 (1967)).

> A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances. [<u>Tr. of Plumbers and Pipefitters Nat'l] Pension Fund v. Transworld Mechanical, Inc.</u>, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995).
>
> . . . The factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. <u>Transworld</u>, 886 F. Supp. at 1139.

Walsh Securities, 7 F. Supp. 2d at 526-27.

It is difficult for the Court to analyze these factors on the record presented. However, according to defendant Kozub's account of the factual and procedural history of this case (Def. Br. at 4), the issues in the two cases overlap to a significant extent: Kozub's allegedly wrongful conduct was done in connection with arresting Warner for the crime for which he is awaiting trial. Second, again according to Kozub, Warner has been arrested, charged, and is detained and awaiting trial. Thus, the status of Warner's case is advanced and it appears that the state criminal trial will not be unduly delayed. Clearly, Plaintiff's interests weigh in favor of a stay. "The privilege against self-incrimination may be raised in civil as well as in criminal proceedings and applies not only at trial, but during the discovery process as well." Graystone Nash, Inc., 25 F.3d at 190. A stay would preserve Plaintiff's rights in both fora and would not prematurely terminate this civil action. Fourth, Defendant Kozub would clearly prefer dismissal to a stay, but the delay imposed by a stay would not unfairly prejudice her. Rather, after Warner's criminal trial is completed, Defendant Kozub shall be able to depose Plaintiff and proceed with litigation without impediment, if Plaintiff chooses to reinstate this case. Finally, the Court and the public both have interests in full and fair adjudication of civil and criminal matters.

While the Court also has interests in securing compliance with its Orders and avoiding undue delay, the Court finds that Plaintiff's invocations of his rights was justifiable and it does not appear that this action would be delayed substantially.

Furthermore, Defendant Kozub has made no argument that Plaintiff's invocation of his rights was improper.  As such, the Court may not sanction Warner by dismissing this action.

> The Rules of Civil Procedure recognize the need for exercise of the privilege [against self-incrimination]. Rule 26(b)(5) provides that claims of privilege  may be made to withhold material otherwise subject to discovery. The procedural rules, therefore, provide no basis for inflicting sanctions when there is a valid invocation of the Fifth Amendment. A refusal to respond to discovery in such circumstances is proper and does not justify the imposition of penalties. <u>Wehling v. Columbia Broadcasting Sys.</u>, 608 F.2d 1084, 1087 (5th Cir. 1979).
>
> It may be seen, therefore, that dismissal of an action or entry of judgment as a sanction for a valid invocation of the privilege during discovery is improper.

<u>Id.</u> at 190-91.

**IV.  CONCLUSION**

For the foregoing reasons, the Court shall deny the motion to dismiss and shall enter an Order staying this action pending the outcome of Warner's criminal prosecution.  The matter shall be administratively terminated on the docket and may be reinstated by written notice to the Court from either party that a judgment in the criminal action has been entered and that the

7

party wishes to proceed with this litigation. The accompanying Order is entered.

**January 18, 2007**          **s/ Jerome B. Simandle**
Date          Jerome B. Simandle
        U.S. District Judge