```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BERNARD WARNER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-2871 (JBS) |
| v. |  |
| DEANNA KUZOB, | **MEMORANDUM OPINION** |
| Defendant. |  |

**SIMANDLE**, DISTRICT JUDGE:

　　This matter comes before the Court on an unopposed motion for summary judgment by Defendant Deanna Kuzob ("Defendant") [Docket Item 27]. THIS COURT FINDS AS FOLLOWS:

　　1.   Plaintiff Bernard Warner ("Plaintiff") alleges that Defendant, at the time a detective with the Burlington Township Police Department ("BTPD"), sprayed him with mace without justification while Plaintiff was detained as part of a criminal investigation.  Plaintiff, appearing pro se, seeks relief under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourth Amendment.[1]

　　2.   Plaintiff's allegations all arise out of his arrest and ultimate conviction for several violent offenses.  According to Plaintiff's complaint, on February 25, 2005, officers from the

---

[1] When initiated, this action involved five defendants.  On September 12, 2005, the Court dismissed the claims against four of the five defendants, leaving only this claim for excessive force against Defendant Kuzob [Docket Items 4 and 5].

BTPD arrested Plaintiff and brought him to police headquarters, where officers ignored his requests for an attorney and questioned him for several hours. (Compl. at 7.) While the officers questioned Plaintiff, they refused to let him use the bathroom or give him access to a phone. (Id.) Defendant allegedly sprayed the Plaintiff with mace and still would not let him use the restroom. (Id. at 6-7.) Eventually, Plaintiff confessed to the crimes. (Id. at 7.)

3. Plaintiff filed his complaint pro se on June 6, 2005 and early in 2006 discovery began. Defendant sought, and was granted, leave from the Court to take Plaintiff's deposition. On June 21, 2006, Defendant's counsel appeared at the Burlington County Jail to depose Plaintiff. (Def. Ex. D-8.) Plaintiff, however, refused to answer questions, repeating: "Due to my pending criminal matter at this time I wish to assert my right to remain silent." (Id.) On January 18, 2007, the Court stayed the matter, pending the outcome of Plaintiff's criminal trial, and administratively terminated the docket [Docket Items 24 and 25].

4. On July 29, 2008, Defendant sought to reopen this matter and filed the instant motion for summary judgment, along with proof that Plaintiff's criminal proceedings have ended [Docket Item 27]. On July 30, 2008, the Court ordered this case reopened and gave Plaintiff until August 19, 2008 to file his opposition to Defendant's motion for summary judgment [Docket Item 28].

Though Plaintiff did not provide the Court with a current address - and thus the first copy of the Court's July 30, 2008 Order was returned to the Clerk of Court as undeliverable - Defendant provided the Court with Plaintiff's current address and both the Court and Defendant served Plaintiff with a copy of the Court's July 30, 2008 Order [Docket Items 29 and 30; 8/14/2008 Docket Entry].  Plaintiff did not file any opposition to Defendant's motion for summary judgment.

5.   Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party would have the burden of persuasion at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. P'ship of Gepner and Ford, 930 F.2d 1056, 1061-63 (3d Cir. 1991).  "The burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

6.   "[T]he nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a

3

genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." U.S. v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e))(citations omitted).

> Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 323.

7.   Plaintiff's failure to respond in this case "is not alone a sufficient basis for the entry of a summary judgment." See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (holding that a local rule deeming unopposed motions to be conceded did not justify the grant of summary judgment without analysis under Rule 56(e), Fed. R. Civ. P.).  In order to grant Defendants' unopposed motion for summary judgment, where, as here, "the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law."  Id.

8.   In the present case, Plaintiff has not presented any evidence independent of the allegations in his complaint to support any aspect of his claim.  The only evidence currently in the record is provided by Defendant, and all of it tends to show that Plaintiff was not sprayed with mace after his arrest.  A videotape of Plaintiff's confession does not show any use of mace nor does Plaintiff demonstrate any physical symptoms from being sprayed with mace.  (Barron Aff. Def. Ex. D-13.)  Intake records for Plaintiff at Burlington County Detention Center after his arrest show only a cut on Plaintiff's left thumb and no problems with his eyes, ears, or throat.  (Def. Ex. D-3.)  Therefore, because Plaintiff has not offered any evidence in support of his claim, and because the only evidence in the record tends to undermine his claim, Defendant is entitled to summary judgment.[2]

8.   For the reasons discussed above, the Court will grant Defendant's motion for summary judgment.  The accompanying Order will be entered.

**January 12, 2009**                                      **s/ Jerome B. Simandle**
   Date                                                      JEROME B. SIMANDLE
                                                          United States District Judge

---

[2] The Court has found no evidentiary support for Plaintiff's claim and thus need not address Defendant's argument that the issues in this case are precluded by the ruling of the state criminal court judge in Plaintiff's criminal proceeding, nor does the Court address Defendant's suggestion that the claim should be dismissed as frivolously or maliciously filed.